## JOHN McELROY v. GEORGE DUNN.

**Evidence—Record of Former Suit to Establish Partnership.**

Depositions in another suit, may be used as evidence that one of the parties in that suit was attempting to establish the facts, that had been denied in the suit then in litigation.

**Same—Presumptions.**

It is the presumption that the law indulges that such fact in reality existed from ones own conduct at that time, in taking evidence to establish it.

**Evidence—Conversations Between Defendants in Absence of Plaintiff.**

Conversations between defendants prior to suit, may be admitted as evidence, to establish a joint or several holding of property sued on.

**Same.**

All the facts and conduct of the parties whilst exercising ownership over the property in litigation, is competent to show the character of title and holding, both for defendant, and for plaintiff.

APPEAL FROM MARION CIRCUIT COURT.

April 19, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

This suit by appellant was commenced January 16, 1868, on a note executed by J. H. Allen and George Dunn August 14, 1856 at four months time for $3240, given on the purchase of mules and bearing interest from date, upon which $750 had been paid at different times. Allen made no defense and judgment went against him by default. Dunn however put in for defense that he was security only and therefore claimed exoneration from responsibility because of the statutory bar by lapse of time.

Upon the trial appellant, to establish Dunn as a principal and not surety, offered to read the record of a suit in Georgia between Allen and Dunn as plaintiffs and Boynton as defendants, upon a note of the latter given for mules and in which he set up for defense that W. F. Dunn and not George Dunn was the partner and pleaded that he had subsequently put into W. F. Dunn's

hands a lot of mules which he had sold contrary to contract on a credit to an insolvent man, when he was to sell them for funds to discharge said note, and which were sufficient for such purpose, and in which case said Allen and George Dunn had taken the depositions of said McElroy and others to prove that George Dunn and not W. F. Dunn was the partner of Allen, and to prove that the mules sold by Boynton and others were purchased by them as partners.

The court permitted the pleading, verdict and judgment in said Georgia suit to go to the jury, but refused to permit the depositions, so taken by Allen and Dunn, ·which is the first error assigned.

The court permitted a conversation between Allen and Dunn, in the absence of McElroy, in relation to the mules which occurred after the date of the note and previous to starting South with them to establish the character of their holding, and that the partnership was entered into subsequent to the purchase of the mules from McElroy, for which the note now sued on was given, and as evidence that Dunn was not a principal, but security in said note, and this is the other error assigned.

The jury having found for Dunn and the court having adjudged for him, McElroy has appealed.

Because McElroy was no party to the Georgia suit was no sufficient reason why these depositions should not be read, not as evidence of the primary fact established therein, *but as evidence that Dunn in that suit was attempting to establish such fact* as thereby presumptions against him arise out of his own conduct, and which often occurs by persons no party to the then pending controversy.

If his and Allen's casual conversation in relation to said mules may go to the jury as evidence, in his behalf, to prove a subsequent partnership surely their conduct when in a litigation, especially such as taking sworn testimony to prove an existing partnership, when the mules were first purchased, is competent to go to the jury against him.

It is the presumption that the law indulges that such fact in reality existed from his own conduct, at that time, in taking evidence to establish it. In other words, his conduct was equivalent to his assertion in said suit that he and Allen had purchased the

mules in partnership, and this as against him, at least, raises the presumption that such was the case.

The issue in the Georgia suit was whether the mules were the partnership property when Allen and Dunn sold them to Boynton and did not prove that they were purchased as partnership property. But these depositions do prove that Allen and George Dunn were attempting to establish that they were so purchased, in order to show that they were still such when sold to Boynton, therefore, the depositions were much more pertinent to this issue than were the pleadings, verdict and judgment, and as they established both a pertinent and imposing fact against Dunn, well calculated to have an important bearing with the jury, it was an injurious error to the plaintiffs prejudice to exclude them.

There was no error in permitting the conversation relative to the mules, which occurred between Allen and Dunn, at a time when this issue was not anticipated, to show how they then held the mules, whether as joint, or several property, though it did occur in plaintiffs absence.

All the facts of the conduct of the parties whilst exercising ownership over the mules to show the character of title and holding were competent in Dunn's behalf, and not only these but Dunn's subsequent conduct relative thereto is competent on behalf of McElroy.

The mules being joint and several in form is but a circumstance at best, as this was a special partnership for a particular enterprise no firm style may have been adopted.

For the error assigned the judgment is reversed.

*Rountree, Fogle, for appellant.*

*Hill & Noble, Harrison, for appellee.*